**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY BROOKINS, Plaintiff, | ) | |
| v. | ) | Civil Action No. 12-1767<br>Hon. Nora Barry Fischer |
| VERIZON TELEPHONE COMPANY, Defendant. | ) | |

**MEMORANDUM ORDER**

AND NOW, this 9th day of January, 2013, upon consideration of Plaintiff Anthony Brookin's Pro Se Complaint (Docket No. [4]),

IT IS HEREBY ORDERED that the above captioned matter is dismissed for lack of subject matter jurisdiction. In so holding, the Court notes that Plaintiff was granted *in forma pauperis* status on December 13, 2012. (Docket No. 3). However, pursuant to 28 U.S.C. § 1915(e), the Court is under an obligation to evaluate the allegations in the Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction over the case. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has recognized that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship

between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. With respect to federal question jurisdiction, Plaintiff alleges generally that his due process rights under the Fourteenth Amended were violated by Defendant Verizon Telephone Company. (Docket No. 4). However, "to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). "A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Under this test, Defendant Verizon Telephone Company does not qualify as a state actor because: (1) it is a private company; (2) there are no allegations that Verizon acted with any state officials; and (3) none of the alleged conduct constitutes actions chargeable to the state. (*See* Docket No. 4). Therefore, Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See Leshko*, 423 F.3d at 339.

The Court further finds that Plaintiff has likewise failed to establish that the Court may exercise subject matter jurisdiction over this case based on diversity jurisdiction under 28 U.S.C.

§ 1332. In this regard, although Plaintiff claims damages of $10 million, which is in excess of the $75,000 threshold, Plaintiff has not set forth any non-federal law claims against Defendant and has not provided Defendant's address or any other facts from which the Court may determine where it is domiciled. (*See* Docket No. 4). As such, Plaintiff has not met his burden to show that the parties are completely diverse and that this case is properly brought under 28 U.S.C. § 1332. *See McCracken*, 335 F.App'x. at 162-163.

For these reasons, Plaintiff has failed to establish that this Court has subject matter jurisdiction over his case. Therefore, Plaintiff's Complaint is hereby DISMISSED, without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Anthony Brookins, *pro se*
#09087068
FCI McKean
PO Box 8000
Bradford, PA 16701